IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

Nadia Shpachenko-Gottesman aka Nadia Shpachenko

    Plaintiff,

v.

City of Boulder, Colorado, a public municipal entity organized under the laws of the State of Colorado, FAAC International Inc., a subsidiary of FAAC Group d/b/a Magnetic Autocontrol, and T2 Systems, Inc.

    Defendants.

---

**DEFENDANT FAAC INTERNATIONAL, INC.'S NOTICE OF REMOVAL**

---

TO:   HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant FAAC International, Inc. ("FAAC") file this Notice of Removal of the above-styled case from the Boulder County District Court, Colorado, to the United States District Court for the District of Colorado, based on the following grounds:

**I.    INTRODUCTION**

    1.    This action arises out of an incident that occurred on or about July 21, 2019, in which Plaintiff alleges she was injured by an automated gate arm while in a parking garage in Boulder, Colorado.

    2.    Plaintiff filed her Original Complaint on April 2, 2021. Defendant FAAC was served with the Complaint on May 5, 2021. Attached hereto as, **Exhibit A**.

1

3. Plaintiff's Complaint asserts four claims for relief against Defendants, including a claim under the Premises Liability Act, a claim for negligence, a products liability claim, and a claim for breach of implied warranty. *Id.*

4. This litigation has been stayed since its outset while the City of Boulder disputed the District Court of Boulder County's order finding the City was not immune from suit. *Order, dated Jan. 19, 2022*, attached hereto as **Exhibit B** and *Order Staying Proceedings Pending Appeal*, attached hereto as **Exhibit C**. The City appealed that order to the Colorado Court of Appeals.

5. On January 12, 2023, the District Court granted Plaintiff's motion to dismiss with prejudice the City of Boulder. *Dismissal Order*, attached hereto as **Exhibit D**. All remaining parties to this litigation are foreign and diversity is complete as of the dismissal being ordered by the Court.

## II.    THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

6. Pursuant to 28 U.S.C. § 1441(b), a Defendant may remove a case from state court to federal court based on diversity jurisdiction, and pursuant to § 1332(a)(1), a federal district court may exercise diversity jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This action has been removed to Federal Court based on the following jurisdictional basis: diversity of citizenship pursuant to 28 U.S.C. § 1332.

**A.    Complete diversity exists**

i. There is complete diversity of citizenship between Plaintiff and all Defendants.

ii. Plaintiff is a citizen of California who resides at 1427 Guadalajara Place, Claremont, California. *See,* **Exhibit A**, at ¶ 1.

iii. Pursuant to 28 U.S.C. § 1332, a corporation is deemed to be a citizen of every

state in which it has been incorporated, and of the state where it has its principal place of business.

  iv. Defendant FAAC International Inc., is a foreign corporation headquartered and with its principal place of business in the State of Florida. *See, Corporate Filings* attached hereto as **Exhibits E** and **F**.

  v. Defendant T2 Systems, Inc. is a foreign corporation headquartered and with its principal place of business in Indianapolis, Illinois. *See, T2 Filings*, attached hereto as **Exhibit G**.

### III. SERVICE OF COMPLAINT

  1. FAAC International, Inc. was served on May 5, 2021. Its Answer was filed and served on July 26, 2021.

  2. T2 Systems, Inc. was served on April 7, 2021. Its Answer was filed and served on May 18, 2021.

  3. City of Boulder waived service on April 12, 2021, and has been dismissed as of January 12, 2023.

  4. This Notice of Removal is being filed within thirty (30) days of receipt of a copy of the Order Dismissing the City of Boulder and FAAC's first knowledge that the case is one which has become removable and is timely pursuant to 28 U.S.C. § 1446(b)(3).

### IV. VENUE OF REMOVED ACTION

  **1.** FAAC may remove this action to this Court pursuant to 28 U.S.C. § 1441(b) because this case was initially brought in a state court within the geographical area of the United States District Court for the District of Colorado, and because this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). The lawsuit is comprised entirely of a civil nature, is an action between

citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interests and costs.

V.     **CONSENT, NOTICE TO OTHER PARTIES, AND NOTICE TO STATE COURT**

1. FAAC has conferred with Defendant T2 Systems, Inc. and it consents to removal.

2. Pursuant to § 1446(d) and Local Rule 81.1, written notice of the filing of the Notice of Removal is being contemporaneously filed with the Boulder County District Court, Colorado, and is being served on Plaintiff.

3. No hearings are currently set in the state court proceeding, and all prior scheduling dates were vacated by the District Court as the result of the appeal between Plaintiff and the City of Boulder.

4. FAAC attaches hereto a full copy of the docket and docket sheet from the State Court. *Full Docket Sheet*, attached hereto as, **Exhibit H**.

VI.    **PLEADINGS IN THE STATE COURT ACTION**

1. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and papers or exhibits filed in the District Court, Denver County, Colorado are provided with this Notice of Removal.

VII.   **AMOUNT IN CONTROVERSY**

1. Under the jurisdictional provisions of 28 U.S.C. § 1332, this case is one which may be removed to this Court by a defendant, pursuant to 28 U.S.C. § 1441, in that it is a civil action wherein the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as appears by copy of Plaintiff's Complaint.

2. Plaintiff alleges that as a result of Defendants' alleged negligence, she has incurred damages in excess of $100,000.00. *District Court Civil Case Cover Sheet*, at ¶ 2. Attached hereto

4

as **Exhibit I**. *See also, Paros Properties LLC v. Colorado Casualty Ins. Co.,* 835 F.3d 1264, 1272 (10th Cir. 2016) (state district court civil cover sheet indicating the suit sought more than $100,000 sufficient to put Defendant on notice that the amount in controversy exceeded $75,000).

3. All parties, except Plaintiff, issued initial disclosures in December 2021. In conferring on this removal, Plaintiff was asked to produce her initial disclosures and to otherwise verify the value of her claim. Plaintiff refused. See, *January 10-11, 2023 Email*, attached hereto as **Exhibit J**. Nonetheless, Plaintiff's counsel ultimately reaffirmed that the Civil Cover Sheet's representation and his signature upon it remained valid, pursuant to C.R.C.P. 11, and thus, the value of his client's alleged loss remains greater than $100,000. *Id.* Furthermore, based on the claimed severity of the injury and alleged damages, this matter in controversy exceeds the sum of $75,000.00, exclusive of interest.

3. By this Notice of Removal, FAAC intends no admission of fact, law or liability by this Notice and expressly reserves all defenses, motions and/or pleas.

WHEREFORE, FAAC prays that this case proceeds in the United States District Court for the District of Colorado as an action properly removed thereto.

Respectfully submitted this 13th day of January, 2023.

                                                                    s/Christopher R. Reeves
                                                                    Christopher R. Reeves, Esq.
                                                                    Waltz|Reeves
                                                                    1660 Lincoln Street, Suite 2510
                                                                    Denver, CO 80264
                                                                    Telephone: 303-830-8800
                                                                    Facsimile: 303-830-8850
                                                                    creeves@waltzreeves.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of January, 2023, I electronically filed a true and correct copy of the above Defendant FAAC International, Inc.'s Notice of Removal with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

All counsel of record

                                                    s/Allie Struebel
                                                    Waltz|Reeves