| | |
|---|---|
| **DISTRICT COURT, BOULDER COUNTY STATE OF COLORADO**<br><br>**1777 6th Street**<br>**Boulder, CO 80302** | DATE FILED: April 2, 2021 6:21 PM<br>FILING ID: D2ABE3F31FB7E<br>CASE NUMBER: 2021CV30258 |
| Plaintiff:<br>**NADIA SHPACHENKO-GOTTESMAN aka NADIA SHPACHENKO**<br><br>vs.<br><br>Defendants:<br>**CITY OF BOULDER, COLORADO, a public municipal entity organized under the laws of the State of Colorado, FAAC INTERNATIONAL INC., a subsidiary of FAAC GROUP dba MAGNETIC AUTOCONTROL, and T2 SYSTEMS, INC.** | ▢COURT USE ONLY▢<br><br>_____<br><br>Case Number:<br><br>Division: |
| *Attorneys for Plaintiff*:<br><br>Dominick M. Saia, Number 25154<br>LAW OFFICES OF DOMINICK M. SAIA, L.L.C.<br>1400 Main Street, Suite 200<br>Louisville, Colorado 80027<br>Phone: (303) 665-0230<br>Fax: (720) 403-9767<br>E-Mail: nicksaia@msn.com | |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** | |

Plaintiff, Nadia Shpachenko-Gottesman, by and through counsel, Law Offices of Dominick M. Saia, L.L.C., hereby alleges, avers, and states as follows:

1. Plaintiff Nadia Shpachenko-Gottesman aka Nadia Shpachenko (hereinafter "Plaintiff") resided at all pertinent times hereto at 1427 Guadalajara Place, Claremont, California 91711.

2. Defendant City of Boulder is a political subdivision of the State of Colorado, United States of America.

**Exhibit A**

3. Defendant T2 Systems, Inc., (hereinafter "T2 Systems") is a foreign corporation headquartered in Indianapolis, Illinois, authorized to do business in the State of Colorado.

4. Defendant FAAC International, Inc., a subsidiary of FAAC Group dba Magnetic AutoControl (hereinafter "FAAC International") is an international foreign corporation headquartered outside of the United States, authorized to do business in the State of Colorado.

5. On or about July 21, 2019, Plaintiff parked in the City of Boulder's parking garage located at 15th Street and Pearl Street, while on a visit to Boulder with her family.

6. On or about July 21, 2019, Plaintiff's husband retrieved the parking ticket from the automated entrance gate for the parking garage at 15th Street and Pearl Street at the 15th Street entrance between Pearl Street and Walnut Street, in Boulder, Colorado but dropped it on the ground.

7. Plaintiff got out of the passenger side of the vehicle to pick up the ticket after her husband drove the vehicle through the entrance gate.

8. After Plaintiff picked up the parking ticket from the ground, she was struck upon the head by the automated gate arm with great force causing serious personal injury.

## I. FIRST CLAIM FOR RELIEF
**(City of Boulder-Governmental Immunity Act Liability)**

9. Plaintiff hereby incorporates the foregoing allegations in paragraphs 1 through 8 above as though fully set forth herein.

10. Plaintiff served a notice of claim in the form and substance of the notice required by the Colorado Governmental Immunity Act C.R.S. § 24-10-109.

11. On August 31, 2020, the City of Boulder denied liability for Plaintiff's claim through its third-party administrator, Cannon Cochran Management Services Inc.

12. Defendant City of Boulder owed Plaintiff a duty to exercise reasonable care in the maintenance of public facilities which members of the public such as Plaintiff may be expected to utilize.

13. However, in negligent disregard of the safety of the community of which Plaintiff is a part, Defendant City of Boulder failed to maintain the subject public facilities to be free from dangerous conditions it either knew of or should have known about in the exercise of reasonable care such as the automated gate arm which struck and injured Plaintiff.

14. The defective and dangerous condition of its public facility constituted an unreasonable risk to the health or safety of the public pursuant to C.R.S. 24-10-103(1.3) and was known to exist, or in the exercise of reasonable care should have been known to exist, prior to the time of the subject incident.

15. The dangerous condition was caused by the negligence of Defendant City of Boulder in failing to properly maintain its public facility and the mechanism of the automated gate arm.

16. The defective and dangerous condition of the public facility had existed for such a period of time and was of such a nature that, in the exercise of reasonable care, such condition and its dangerous character should have been discovered, thereby imputing C.R.S. 24-10-103(1) statutory constructive knowledge of this danger upon Defendant as of July 21, 2019.

17. Because Defendant City of Boulder failed to properly maintain the subject public facility, specifically, the mechanism of the entrance gate for the parking garage at the 15th Street entrance between Pearl Street and Walnut Street, in Boulder, Colorado, the improper maintenance of which was an unreasonable risk to the health or safety of the public, and negligently failed to repair or remediate this dangerous condition in its public facility, Defendant has waived its immunity therefor under C.R.S. 24-10-106(1)(d)(I) and is liable to Plaintiff for her injuries, damages and harms.

18. The above-mentioned breach of duty owed by Defendant City of Boulder to Plaintiff to exercise reasonable care as hereinabove described directly and proximately caused Plaintiff to suffer injuries and damages and harms.

19. The above-mentioned breach of duty owed by Defendant City of Boulder to Plaintiff directly and proximately caused her to incur past and future economic expenses, losses, and damages including, but not limited to, medical and other health care and rehabilitation expenses related to her injuries, past and future loss of earnings, loss of earning capacity, and loss of time.

20. The above-mentioned breach of duty owed by Defendant City of Boulder to Plaintiff directly and proximately caused Plaintiff to suffer past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional stress, and impairment of quality of life.

21. The above-mentioned breach of duty owed by Defendant City of Boulder to Plaintiff directly and proximately caused Plaintiff to suffer permanent impairment.

## II. SECOND CLAIM FOR RELIEF
### (Negligence of Defendants T2 Systems and FAAC International)

22. Plaintiff hereby incorporates the foregoing allegations in paragraphs 1 through 21 above as though fully set forth herein.

23. At all times material hereto the subject incident causing serious injury and damages to Plaintiff, was the result of the negligence of Defendants, T2 Systems and FAAC International, and/or their agents', servants', and/or employees' negligence and/or unreasonable failure to exercise reasonable care to protect against the dangers of which they knew or should have known notwithstanding actual and/or constructive notice to them of the hazardous and/or dangerous conditions which they created and/or allowed to exist on the aforesaid premises prior to the subject incident and which said Defendants otherwise failed to operate, maintain, repair, and/or control said mechanism of the automated gate arm in a reasonably safe manner and which was a direct and proximate cause of the injuries and damages that the Plaintiff sustained on or about July 21, 2019, as a result of her being struck on the head with the automated gate arm in the parking garage located at 15th Street and Pearl Street at the 15th Street entrance between Pearl Street and Walnut Street, in Boulder, Colorado.

24. At all times material hereto, Defendants, T2 Systems and FAAC International, individually and/or by and through their agents, servants, and/or employees were negligent in that they caused and/or allowed a dangerous and/or hazardous condition to exist regarding the mechanism of the automated gate arm to which a reasonable inspection by Defendants individually and/or by and through their agents, servants, and/or employees would have disclosed the dangerous and/or hazardous condition to the public at large, including Plaintiff.

25. At all times material hereto Defendants, T2 Systems FAAC International, as aforesaid and/or hereinafter alleged were in control and/or possession of said premises including but not limited to the mechanism of the automated gate arm in the entranceway to the parking garage located at 15th Street and Pearl Street at the 15th Street entrance between Pearl Street and Walnut Street, in Boulder, Colorado, where the public at large including Plaintiff, entered the garage; and further, at all times material hereto said Defendants were obligated to maintain the aforesaid automatic gate arm on the premises in a reasonably safe condition so that any and/or all members of the public including the Plaintiff could easily use the premises safely.

26. At all times material hereto the Defendants T2 Systems and FAAC International, as aforesaid did not keep said mechanism of the automated gate arm in a reasonably safe condition; but rather caused and/or created and/or allowed a dangerous and/or defective condition to exist regarding the aforesaid mechanism of the automated gate arm which caused Plaintiff to be suddenly and violently struck by the automated gate arm in the entranceway to the parking garage located at 15th Street and Pearl Street at the 15th Street entrance between Pearl Street and Walnut Street, in Boulder, Colorado, when Defendants knew and/or should have reasonably known of said dangerous and/or defective condition regarding the mechanism of the automated gate arm either by actual or constructive knowledge and/or notice.

27. At all times material hereto, Defendants T2 Systems and FAAC International were negligent in that they failed to maintain the mechanism of the automated gate arm in the entranceway to the parking garage located at 15th Street and Pearl Street at the 15th Street entrance between Pearl Street and Walnut Street, in Boulder, Colorado, in a reasonably safe condition, creating a dangerous and/or hazardous condition and allowing said dangerous condition of the automated gate arm on the premises which hit the Plaintiff and resulted in her serious and/or permanent injuries.

28. At all times material hereto, Defendants T2 Systems and FAAC International owed a duty to the public including Plaintiff, to make sure the automated gate arm was safe to the public at large, including Plaintiff.

29. At all times material hereto Defendants, T2 Systems and FAAC International, by and through their agents, servants, and/or employees owed a duty to Plaintiff, to operate, control, oversee, repair, and/or maintain the aforesaid mechanism of the automated gate arm in the entranceway to the parking garage located at 15th Street and Pearl Street at the 15th Street entrance between Pearl Street and Walnut Street, in Boulder, Colorado in the following manner, to-wit:

a. To cause said mechanism of the automated gate arm to be free of dangerous conditions, and of which said Defendants had control and/or ownership to be free of defects, dangers, and hazards including the dangerous condition which caused the automated gate arm to suddenly and violently hit the Plaintiff causing her injuries.

b. To reasonably inspect the mechanism of the automated gate arm prior to the subject incident against dangers, hazards, and/or defective conditions which may be present and/or that which had been caused to remain in a state of disrepair by these said Defendants, and/or to remedy and/or otherwise correct any and all said dangerous, hazardous, and/or defective conditions that were present regarding the mechanism of the automated gate arm, and to protect the Plaintiff and others similarly situated.

c. To maintain said mechanism of the automated gate arm in a reasonably safe condition.

d. To reasonably control said mechanism of the automated gate arm at the aforesaid premises to keep it from causing a danger to Plaintiff.

e. To inspect for, prevent, repair, and/or otherwise remedy any and all dangerous, hazardous, and/or defective conditions in and about the mechanism of the automated gate arm on its premises to keep it free of a dangerous condition which caused serious and permanent injury to Plaintiff.

f. To warn Plaintiff, and other members of the public against said dangerous, hazardous, and/or defective conditions by means including but not limited to, warning signs and/or cones, regarding said dangerous conditions in and about the automated gate arm on its

premises which these Defendants knew or should have known by actual and/or constructive knowledge and/or notice and/or by reasonable and timely inspection prior to the incident.

30. Defendants, T2 Systems and FAAC International, individually and/or by and through their agents, servants, and/or employees at all times material hereto created and/or knew of and/or should have known of said dangerous, hazardous and/or defective conditions aforesaid; and further these Defendants had notice that said condition of the mechanism of the automated gate arm including the dangerous conditions in and about the automated parking arm were not being maintained and/or repaired sufficiently and safely to which the likelihood for injuries to members of the public including Plaintiff would suddenly and without warning occur.

31. Defendants T2 Systems and FAAC International Inc. were negligent and further fell below the standard of care in maintenance, repair, operation, and/or control of said mechanism of the automated gate arm and/or in its failed duties to Plaintiff and by these said Defendants' further failure to warn Plaintiff and by allowing said conditions to exist for a period of time to which a reasonable inspection would have disclosed the same prior to Plaintiff's being struck by the automated gate arm when such resulted in injuries and damages to Plaintiff.

### III. THIRD CLAIM FOR RELIEF
### (Liability of Defendants T2 Systems and FAAC International, Under the Colorado Premises Liability Act)

32. Plaintiff hereby asserts, alleges, and incorporates Paragraphs 1 through 31 as fully set forth herein.

33. The above-described premises were open to members of the public at large who might go there as business invitees.

34. On or about July 21, 2019, Plaintiff was a business invitee of Defendants, T2 Systems and FAAC International.

35. Defendants T2 Systems and FAAC International are liable to the Plaintiff, in that pursuant to Colorado Revised Statute Subsection 13-21-115 (C)(3), an invitee may recover damages caused by the landowners' unreasonable failure to exercise reasonable care to protect against dangers of which they actually knew or should have known.

36. Pursuant to Colorado Revised Statute Section 13-21-115, Defendants T2 Systems and FAAC International were and/or are "the landowner" in possession of the entranceway to the parking garage located at 15th Street and Pearl Street at the 15th Street entrance between Pearl Street and Walnut Street, in Boulder, Colorado, and were and/or are legally responsible for the condition of certain real property and/or for activities conducted and/or circumstances

existing on said real property.

37. At all times material hereto, the Plaintiff falls into the category of individuals to be protected under the statute.

38. Moreover, Plaintiff's status as an invitee is protected as that term is contemplated by Colorado Revised Statutes Subsection 13-21-115 (3)(c)(I).

39. On or about July 21, 2019, the Plaintiff was a business invitee of Defendants T2 Systems and FAAC International on the premises aforesaid and was struck by the automated gate arm at that location.

40. Defendants T2 Systems and FAAC International owed a duty to the Plaintiff, a business invitee on the aforesaid premises, to-wit:

a. To cause said premises including but not limited to the areas used by business invitees, including Plaintiff to be free of dangerous conditions in and about the mechanism of the automated gate arm on their premises, and of which said Defendants had control and/or ownership to be free of defects, dangers, and hazards including dangerous conditions in and about the said mechanism of the automated gate arm on their premises.

b. To reasonably inspect the mechanism of the automated gate arm prior to the subject incident against dangers, hazards, and/or defective conditions which may be present and/or that which had been caused to remain in a state of disrepair by these said Defendants, and/or to remedy and/or otherwise correct any and all said dangerous, hazardous, and/or defective conditions that were present in the mechanism of the automated gate arm, and to protect the Plaintiff a business invitee and other invitees on the aforesaid premises.

c. To maintain said mechanism of the automated gate arm in a reasonably safe condition.

d. To reasonably control said mechanism of the automated gate arm at the aforesaid premises to keep it free from dangerous conditions and being a danger to business invitees.

e. To inspect for, prevent, repair, and/or otherwise remedy any and all dangerous, hazardous, and/or defective conditions in and about the said mechanism of the automated gate arm on its premises to keep it free of a dangerous condition which caused serious and permanent injury to Plaintiff.

f. To warn Plaintiff and other business invitees against said dangerous, hazardous, and/or defective conditions by means including but not limited to, warning signs and/or cones, regarding said dangerous conditions in and about the said mechanism of the automated parking arm on its premises which these Defendants knew or should have known by actual and/or constructive knowledge and/or notice f/and/or by reasonable and timely inspection prior to the incident.

41. At all times material hereto, Defendants, T2 Systems and FAAC International, individually and/or by and through their agents, servants, and/or employees knew and/or should have known of said defective, hazardous, and/or dangerous conditions of the aforesaid mechanism of the automated gate arm; or upon inspection of the premises said Defendants should have made certain that said areas and facilities were safe for Plaintiff a business invitee, and all other business invitees thereon.

42. Prior to the subject incident, Defendants, T2 Systems and FAAC International, had actual and/or constructive notice and/or acted unreasonably in that said mechanism of the automatic gate arm on their premises was not being safely maintained by said Defendants and/or they created and/or allowed the state of danger, hazard, disrepair to exist and/or the premises was not safely or adequately maintained and/or remedied and/or repaired prior to the time that business invitees including the Plaintiff were upon said premises.

43. Defendants T2 Systems and FAAC International fell below the standard of care and/or failed in said duties owed to the Plaintiff by failing to inspect and/or remedy and/or repair and by allowing said dangerous and/or defective conditions to exist for a period of time to which a reasonable inspection by these said Defendant individually and/or by and through their agents, servants and/or employees would have disclosed the same.

44. Defendants T2 Systems and FAAC International are liable to Plaintiff for their failure to supervise and/or properly supervise their agents, servants, and/or employees during inspection, operation, control, maintenance, and/or repairs of the aforementioned mechanism of the automated gate arm; and these said Defendants further failed to reasonably prevent and/or remedy any and all such conditions of which they should have otherwise controlled, managed, and/or maintained, remedied, and/or repaired to protect Plaintiff, and other business invitees on the premises against injury or harm.

45. At all times material hereto Defendants, T2 Systems and FAAC International, individually and/or by and through their agents, servants, and/or employees failed in their duty to warn Plaintiff and other business invitees of said dangerous, defective, and/or hazardous conditions of the mechanism of the automated gate arm as aforesaid.

46. Defendants, T2 Systems and FAAC International, individually and/or by and through their agents, servants, and/or employees unreasonably failed to exercise reasonable care to protect Plaintiff, and other business invitees in their ownership, maintenance, operation, and/or control of the subject mechanism of the automated gate arm and the supervision of their agents, servants, and/or employees.

47. As a direct and proximate result of the Defendants, T2 Systems and FAAC International, individually and/or by and through their agents', servants', and/or employees' acts of commission and/or omission and/or unreasonable failure to exercise reasonable care to protect against the dangers of which said Defendant knew or should have known, and/or

failure of Defendant individually and/or by and through their agents, servants, and employees to otherwise operate, maintain, control, and/or repair said mechanism of the automated gate arm and said failure to keep said mechanism of the automated gate arm in a reasonably safe condition and to protect said Plaintiff from said dangerous, hazardous, and/or defective conditions which said Defendants knew or should have otherwise reasonably known regarding the automated gate arm which struck the Plaintiff in the aforesaid premises such that Plaintiff suffered serious and/or permanent injuries and damages, both economic and non-economic in nature.

## IV. THIRD CLAIM FOR RELIEF
### (Products Liability Claim Against Defendants T2 Systems and FAAC International)

48. Plaintiff hereby asserts, alleges, and incorporates Paragraphs 1 through 47 as fully set forth herein.

49. Defendants T2 Systems and FAAC International are manufacturer, designer, distributor, seller and/or supplier of the mechanism of automated parking gate arms such as the one that struck and injured Plaintiff.

50. The mechanism of the automated parking gate arm which injured Plaintiff, was manufactured, designed, sold, distributed, labeled, supplied, and/or placed in the stream of commerce by Defendants T2 Systems and FAAC International, and was defective and unreasonably dangerous because Defendants failed to provide adequate warnings and/or instructions for use.

51. Defendants T2 Systems and FAAC International Inc., failed to provide adequate warnings or instructions for use that would inform Plaintiff and others of the specific risks of harm that might be involved in any reasonably expected encounter with Defendants' automated gate arm.

52. Defendants T2 Systems and FAAC International's mechanism of their automated gate arm, as manufactured and supplied by Defendant, T2 Systems and FAAC International was defective due to the inadequate warning or instruction because, after these Defendants knew or should have known of the risk of serious bodily injury from their automated gate arm, these Defendants failed to provide an adequate warning to persons like Plaintiff, knowing the product could cause serious injury.

53. As a direct and proximate result of Plaintiff's injuries from the automated parking gate arm as manufactured, designed, sold, supplied, marketed, and introduced into the stream of commerce by Defendants, T2 Systems and FAAC International, as well as Defendants' failure to comply with industry and governmental standards and regulations, and other breaches of duty described in her complaint, Plaintiff has suffered serious and/or permanent injuries and damages, both economic and non-economic in nature.

## V. FOURTH CLAIM FOR RELIEF
**(Breach of Implied Warranty Against Defendants T2 Systems and FAAC International)**

54. Plaintiff hereby asserts, alleges, and incorporates Paragraphs 1 through 53 as fully set forth herein.

55. At the time Defendants T2 Systems and FAAC International designed, manufactured, marketed, labeled, sold, and distributed the mechanism for their automated gate arm which injured Plaintiff, Defendants knew of the use for which their product was intended and impliedly warranted the product to be of merchantable quality and safe for such use.

56. Plaintiff reasonably relied upon the skill and judgment of Defendants, T2 Systems and FAAC International, as to whether their automated parking arm was safe for its intended use, and upon Defendants' implied warranties as to such matters.

57. Contrary to such implied warranties, Defendants T2 Systems and FAAC International automated parking gate arm was not of safe for its intended use because their product was unreasonably dangerous as described herein.

58. As a direct and proximate result of Defendants T2 Systems and FAAC International's, breach of warranty, as well as Defendants' failure to comply with industry and governmental standards and regulations, and other breaches of duty described in her complaint, Plaintiff has suffered serious and/or permanent injuries and damages, both economic and non-economic in nature.

59. The above-mentioned breaches of duty owed by Defendants T2 Systems and FAAC International to Plaintiff directly and proximately caused her to incur past and future economic expenses, losses, and damages including, but not limited to, medical and other health care and rehabilitation expenses related to her injuries, past and future loss of earnings, loss of earning capacity, and loss of time.

60. The above-mentioned breaches of duty owed by Defendants T2 Systems and FAAC International to Plaintiff directly and proximately caused Plaintiff to suffer past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional stress, and impairment of quality of life.

61. The above-mentioned breaches of duty owed by Defendants T2 Systems and FAAC International to Plaintiff directly and proximately caused Plaintiff to suffer permanent impairment.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

**WHEREFORE,** Plaintiff prays for judgment against Defendants for an amount sufficient to reasonably compensate her for her injuries and damages as outlined above, plus costs, expert witness fees, interest from the date the injury occurred, attorneys' fees, and such other and further relief as the Court may deem just and proper

Dated this 2nd day of April 2021.

                                              Respectfully submitted,

                                              LAW OFFICES OF DOMINICK M. SAIA, L.L.C.

                                              *s/ Dominick M. Saia*
                                              Dominick M. Saia

*Original signature on file at the office of Law Offices of Dominick M. Saia. pursuant to C.R.C.P. § 121-1-26(9); filed and served electronically via CCEF.*

Address of Plaintiff:

1427 Guadalajara Place
Claremont, California, 91711